UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FELIX ANIBAL HATTON-PINEDA,

                     Petitioner,

v.                                          **DECISION AND ORDER**
                                               06-CR-285S
                                               08-CV-630S

UNITED STATES OF AMERICA,

                     Respondent.

## I. INTRODUCTION

This Court previously reserved decision on pro se Petitioner Felix Anibal Hatton-Pineda's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 until the record could be expanded on the issue of whether Petitioner expressly requested trial counsel to appeal his conviction. (Docket Nos. 33, 43.) This Court has reviewed the additional submission, and for the reasons discussed below, Petitioner's § 2255 motion is denied.

## II. BACKGROUND

Petitioner was indicted in August 2006 for violating 8 U.S.C. § 1326(a) by being found unlawfully in the United States after a prior deportation resulted from an aggravated felony conviction. On April 10, 2007, Petitioner appeared before this Court, waived indictment, and pled guilty to a one-count Superseding Information charging him with illegally reentering the country in violation of that same statute. Petitioner's counsel explained at the plea colloquy that the parties agreed to substitue the charge of illegal reentry because the different offense date had a beneficial effect on Petitioner's criminal

1

history score. (Plea Tr. at 7.) In his plea agreement, Petitioner acknowledged that in or about April 2005 he was:

> an alien who previously had been removed from the United States following a conviction for an aggravated felony, [and that he] knowingly and unlawfully entered the United States through Puerto Rico, without having first applied for and obtained the express consent of the Attorney General of the United States or his successor, the Secretary of the Department of Homeland Security, to reapply for admission to the United States. Subsequently, [Petitioner] was apprehended in the Western District of New York.

(Plea Agreement, ¶ 4, Docket No. 22). Petitioner agreed that it was the understanding of the parties that his sentencing range included a term of imprisonment of 57 to 71 months, with a fine of $7,500 to $75,000, and a two to three year period of supervised release. (Id. ¶ 11.) The parties further agreed that Petitioner would be sentenced to a 60-month term of imprisonment, and in the event that this Court determined that such a sentence was not appropriate, Petitioner would be afforded an opportunity to withdraw his plea of guilty. (Id. ¶ 12.)

As a part of the plea agreement, Petitioner also acknowledged and waived his right to appeal, modify, or collaterally attack either any component of the sentence imposed by the Court which fell within or is less than the sentencing range for imprisonment, or to challenge the fine and supervised release outlined in the plea agreement. (Id. at 8-9.) This waiver precludes a collateral attack on the sentence even in the event that Petitioner subsequently becomes aware of previously unknown facts or changes in the law. (Id.)

Petitioner was subsequently sentenced in conformance with the plea agreement on August 14, 2007. (Sentencing Hr'g at 10-13, Docket No. 41.) No notice of appeal was filed. Petitioner filed the instant motion pursuant to 28 U.S.C. § 2255 on August 22, 2008. (Docket No. 33.) The Government responded with an opposing Memorandum of Law,

2

Docket No. 35, and Petitioner filed a reply brief. Docket No. 40. In April 2011, Petitioner also filed a motion for a "Declaration for Entry of Summary Judg[]ment or Default." Docket No. 42. In the prior Decision and Order, this Court denied the motion for summary judgment, reserved decision on Petitioner's § 2255 motion, and ordered Petitioner and his former trial counsel to submit affidavits regarding Petitioner's alleged request for an appeal to be filed.

## III. DISCUSSION

28 U.S.C. § 2255 allows federal prisoners to challenge the constitutionality of their sentences. That section provides, in pertinent part, that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255 (a). The Second Circuit has held that a "collateral attack on a final judgment in a criminal case is generally available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." Graziano v. United States, 83 F.3d 587, 590 (2d Cir. 1996) (per curiam) (quoting United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995) (internal quotation marks omitted)).

In his motion, Petitioner argues that he was denied effective assistance of counsel. An ineffective assistance of counsel claim may be raised in a § 2255 motion despite the

3

failure to raise such a claim on direct appeal.  Massaro v. United States, 538 U.S. 500, 509, 123 S. Ct. 1690, 1696, 155 L. Ed. 2d 714 (2003).  Where, as here, a defendant's conviction has been secured by way of a plea agreement, a defendant asserting an ineffective assistance of counsel claim must demonstrate that counsel's performance fell below an objective standard of reasonableness, and that this deficiency in performance affected the outcome of the plea process.  Hill v. Lockhart, 474 U.S. 52, 58-59, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985); see Strickland v. Washington, 466 U.S. 668, 687-688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Petitioner specifically argues that counsel was ineffective because (1) she failed to appeal Petitioner's conviction and sentence after being requested to do so; (2) the Superseding Information was barred by the Speedy Trial Act limitations period; (3) counsel failed to seek a downward departure based upon the unreasonable delay in prosecution, resulting in the lost opportunity for Petitioner's state and federal sentences to run concurrently; and (4) counsel failed to argue that a downward departure was warranted due to the disparity in the availability of the fast-track and early disposition program between this and other jurisdictions.

**A.  Failure to File Appeal**

"[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable," Roe v. Flores-Ortega, 528 U.S. 470, 477, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000), even if the defendant has waived the right to appeal or the lawyer believes the appeal to be frivolous.  Campusano v. United States, 442 F.3d 770, 771-772 (2d Cir. 2006); see also Garcia v. United States, 278 F.3d 134, 137 (2d Cir. 2002) (the failure of trial counsel to file a requested appeal

4

constitutes an independent ground for habeas relief).  In the prior Decision and Order, this Court ordered both trial counsel and Petitioner to file affidavits describing the factual circumstances related to Petitioner's allegation that he requested that a notice of appeal be filed on his behalf.

Trial counsel timely complied with this order, averring that "[a]t no point did [Petitioner] ask me to appeal his conviction or sentence." (Aff. of Kimberly A. Schechter, Esq., at 1, Docket No. 44.) Counsel explained that the only time Petitioner contacted her after sentencing was by letter five months later. (Id.)

> Even then, [Petitioner] did not claim that he had requested that [counsel] file an appeal of either his sentence or conviction and made no mention of an appeal whatsoever in his letter to [her].  Nor are there any other records in the office file which would suggest that he ever asked [counsel] to file an appeal for him.

(Id.)

Petitioner did not file an affidavit offering factual detail to support his conclusory allegation on this issue. A copy of the prior Decision and Order sent to Petitioner at his last known address with the Bureau of Prisons was returned as undeliverable, and as his former trial counsel notes in her affidavit, Petitioner was released from custody in September of last year.[1]  Pursuant to Local Rule 5.2 (d), a pro se litigant has a duty to

---

[1] A petitioner's subsequent release from incarceration alone will not dissolve a court's jurisdiction to address a § 2255 motion where he or she was in custody at the time of filing. A released petitioner, however, must establish some residual collateral consequence of the sentence and conviction which can be redressed by a decision in his or her favor. Yitchak v. United States, No. 05-CV-1388 (GLS), 2007 WL 3254115, *1 (N.D.N.Y. Nov. 2, 2007) (citing United States v. Mercurris, 192 F.3d 290, 293 (2d Cir.1999)). In light of Petitioner's prior deportation, it is probable the he has already been or will soon be deported. Nonetheless, the effect this conviction and the length of the associated sentence may have on any future application for readmission prevents the matter from becoming moot. United States v. Hamdi, 432 F.3d 115, 121 (2d Cir. 2005); see 8 U.S.C. § 1182 (9)(A)(iii) (permitting an exception for a deported alien previously convicted of an aggravated felony to reapply for admission if he or she obtains the consent of the Attorney General).

inform the Court immediately, in writing, of any change of address, and the failure to do so may result in dismissal with prejudice. Further, by operation of Local Rule 5.2 (d), it is presumed that the Decision and Order was received by Petitioner.

As such, despite the Court's prior order, Petitioner failed to offer an affidavit supporting his allegation that "he specifically requested that counsel . . . file a notice of appeal, and appeal his conviction and sentence." (Pet.'s Mem. of Law at 6, Docket No. 33.) This conclusory assertion, unsupported by any factual detail, is insufficient in comparison with counsel's detailed affidavit to warrant further consideration. Powell v. United States, No. 07-CV-1199, 06-CR-16-3 (GLS), 2008 WL 4426629, *2 (N.D.N.Y. Sept. 25, 2008) (disparity in specificity between affidavits of counsel and petitioner supported conclusion that no hearing was necessary); see also United States v. Aiello, 814 F.2d 109, 113-114 (2d Cir. 1982) (a genuine issue of material fact is not created by "[a]iry generalities, conclusory assertions and hearsay statements").

**B.  Speedy Trial Act**

Petitioner argues that counsel was ineffective in failing to move to dismiss the Superseding Information for failure to comply with the Speedy Trial Act. See 18 U.S.C. §§ 3161 (b); 3162 (a)(1). Petitioner was not arrested as the result of a criminal complaint, but had already been indicted at the time of his arrest. (Indictment, Docket No. 1.); United States v. Napolitano, 761 F.2d 135, 137 (2d Cir. 1985), *cert denied* 474 U.S. 842 (1985). The Superseding Information was filed as a part of a negotiated plea agreement on that Indictment. (Feb. 20, 2007 Appearance at 7-8, Docket No. 37; Plea Agreement ¶¶ 1, 19.) In accordance with that agreement, once Petitioner waived indictment on the new charge of illegally entering the United States and pleaded guilty to the Superseding Information,

the Court granted the Government's motion to dismiss the original Indictment. (Sentencing Hr'g at 13; Plea Agreement ¶ 19.)

C.     **Downward Departure in Sentencing**

Petitioner argues that counsel was ineffective by failing to seek downward departures in sentencing. (Pet.'s Mem. of Law at 8-13.) Petitioner first asserts that he was entitled to a downward departure based on the lost opportunity to serve concurrent state and federal sentences due to the unreasonable delay in prosecuting Petitioner for the illegal reentry. See United States v. Los Santos, 283 F.3d 422, 428 (2d Cir. 2002) (downward departure based on missed opportunity for concurrent sentence permissible where prosecutorial delay was in bad faith or "longer than a reasonable amount of time for the government to have diligently investigated the crime involved"). Second, Petitioner asserts that a departure was warranted based on the inherent sentencing disparity between this jurisdiction and those utilizing the 'fast track,' or 'early disposition,' programs.

Neither argument has merit. Petitioner's plea agreement called for him to receive a specific sentence, not just a sentencing range, and permitted Petitioner to withdraw his plea if the Court did not impose a sentence of 60 months. (Plea Agreement ¶¶ 11-14.) Thus, it cannot be said that Petitioner was prejudiced by the failure to move for any downward departure at sentencing where Petitioner had already previously agreed to the specific sentence he received. Further, counsel specifically requested at sentencing that the Court order Petitioner's sentence to run concurrently with his state sentence on the basis of the nine-month delay in indicting Petitioner. (Sent'g Tr. at 7-8.) The Court granted that request. (Id. at 10-11.) Finally, the Second Circuit has not yet addressed the question of whether a district court even " 'has the authority to impose a non-Guidelines sentence

in response to the fast-track sentencing disparity if it deems such a reduced sentence to be warranted.' " United States v. Gray, 385 Fed. Appx. 25, 27 (2d Cir. 2010) (*quoting* United States v. Liriano-Blanco, 510 F.3d 168, 172 (2d Cir.2007)).

**D.     Certificate of Appealability**

For a certificate of appealability to issue, the petitioner must make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make the required "substantial showing" the petitioner must establish that "reasonable jurists could debate whether . . .  the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Rhagi v. Artuz, 309 F.3d 103, 106 (2d Cir. 2002) (per curiam) (citations and internal quotation marks omitted), *cert denied* 538 U.S. 950 (2003).  Petitioner has made no such substantial showing of the denial of a constitutional right in this case.

## IV.  CONCLUSION

For the reasons stated above, Petitioner's Motion to Vacate, Set Aside or Correct his Sentence is denied.  If Petitioner wishes to appeal, he must file a Notice of Appeal with the Clerk's Office, United States District Court, Western District of New York, within 30 days of the date of judgment in this action.  Requests to proceed on appeal as a poor person, if any, must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

## V.  ORDERS

IT HEREBY IS ORDERED, that Petitioner's Motion to Vacate, Set Aside or Correct

his Sentence and Conviction pursuant to 28 U.S.C. § 2255 (Docket No. 33) is DENIED.

FURTHER, that a Certificate of Appealability pursuant to 28 U.S.C. § 2253 is DENIED.

FURTHER, it is hereby certified that any appeal taken *in forma pauperis* would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

FURTHER, that the Clerk of the Court is directed to close 08-CV-630S.

SO ORDERED.

Dated: August 31, 2012
      Buffalo, New York

                              /s/William M. Skretny
                              WILLIAM M. SKRETNY
                              Chief Judge
                              United States District Judge